UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODNEY LEVON DAVIS,<br><br>Defendant. | Criminal Action No. TDC-15-0116 |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Rodney Levon Davis's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 105. On December 14, 2016, Davis pleaded guilty to Interference with Interstate Commerce by Robbery (Count 1), in violation of 18 U.S.C. § 1951(a), and Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). On March 30, 2017, Davis was sentenced to a total of 121 months of imprisonment. Davis is presently designated to the Federal Correctional Institution Fort Dix ("FCI-Fort Dix") in New Jersey. Including pretrial detention, Davis has served approximately 68 months of imprisonment and, with good conduct credits, is scheduled to be released on October 21, 2023. In his Motion, Davis seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic, medical conditions that arguably place him at high risk for severe illness from COVID-19, and the present inability for Davis to receive adequate health care for his medical conditions. The Government opposes the Motion.

**DISCUSSION**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the

compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Davis has satisfied the requirement to exhaust administrative remedies.

## I. Extraordinary and Compelling Reasons

As of November 16, 2020, the pandemic has resulted in 54,301,156 cases worldwide and 1,316,994 deaths. *Coronavirus Disease (COVID-19) Pandemic*, World Health Org., https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited Nov. 16, 2020). In the United States, it has resulted in 10,984,398 cases and 245,470 deaths. *CDC COVID Data*

*Tracker*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited Nov. 16, 2020). In light of the shared facilities, the difficulty of social distancing, and challenges relating to maintaining sanitation, the risk of infection and the spread of infection within prisons and detention facilities is particularly high. *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) (citing expert opinions). Thus, even with the BOP's mitigation measures, COVID-19 at BOP facilities has resulted in a total of 19,273 cases among inmates and staff and 142 deaths. *See COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 16, 2020).

Although the presence of the historic COVID-19 pandemic in prisons arguably could alone establish extraordinary and compelling reasons, Davis has been incarcerated at FCI-Fort Dix, which presently one of the hardest hit federal prisons. As of November 16, 2020, FCI-Fort Dix had 238 active cases of COVID-19 among inmates, the second-most among all BOP facilities. *Id.* FCI-Fort Dix also has had 47 inmates and staff who previously had COVID-19 and have now recovered. *Id.* Thus, COVID-19 presents a significant threat to the health and safety of Davis and the other inmates at FCI-Fort Dix, and further reductions in the population would advance the safety of the remaining inmates.

Moreover, Davis has asserted that he has health conditions that, under the present circumstances of the COVID-19 pandemic, provide extraordinary and compelling reasons for a sentence reduction. Davis, who is 52 years old, states that he has a history of lupus, which he asserts is untreated. Although the Government argues that Davis has not received a formal diagnosis of lupus, it acknowledges that it is a difficult condition to diagnose. Davis's medical records reveal that Davis has had skin rashes and swollen joints, and he has specifically been found to have polymyositis, scleroderma, and Raynaud's Syndrome, all of which are indicators consistent

with an autoimmune disorder such as lupus. Lupus is not a condition specifically identified by the Centers for Disease Control and Prevention ("CDC") as causing an increased risk of severe illness from COVID-19, but the CDC has generally concluded that having an immune deficiency or a weakened immune system might increase an individual's risk of severe illness from COVID-19. *If You Are Immunocompromised, Protect Yourself From COVID-19*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/immunocompromised.html (last visited Nov. 16, 2020). Davis also asserts that he has high blood pressure, another condition identified by the CDC as one that might increase the risk of COVID-19. *Id.* Though Davis's medical records reflect at least one high blood pressure reading, there is no evidence that he takes medication for hypertension or has a particularly severe case.

Where Davis does not have a formal lupus diagnosis, lupus is not specifically identified as a high-risk condition, and Davis's high blood pressure does not appear to be a severe case, the Court does not find that Davis is specifically at high risk for severe illness from COVID-19, and Davis does not argue that he has such status. At the same time, however, where Davis is over 50 years old and has some signs of having an autoimmune disorder and hypertension, it is reasonable to be concerned that COVID-19 may impact him more seriously than others. Moreover, Davis argues that during the COVID-19 pandemic, when medical resources are stretched to respond to COVID-19, he has not received and cannot receive satisfactory medical care for his lupus symptoms. When these concerns relating to Davis's medical conditions are combined with the fact that Davis is incarcerated in one of the federal prisons most profoundly impacted by COVID-19 at the present time, the Court finds that there are "extraordinary and compelling reasons" that could justify a reduced sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

Even with extraordinary and compelling reasons, compassionate release would also require consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of whether a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

As to the § 3553(a) factors, the Government correctly asserts that the nature and circumstances of the offense were very serious. The crime consisted of an armed robbery of a Wendy's restaurant in which he attempted to set fire to the building and fired two shots in the direction of the building as he fled. At the same time, Davis's history and characteristics reflected that the conduct was aberrant behavior. Davis had no criminal history points, had a long history of employment, had raised an impressive family, and had served as a pastor at a church from which he received extraordinary support and numerous attestations to his character during the original sentencing proceedings.

Although the original sentence appropriately balanced the purposes of sentencing, a reduced sentence in light of the COVID-19 pandemic would be consistent with those purposes. First, Davis and all inmates, particularly those in prisons such as FCI-Fort Dix with a significant outbreak of COVID-19, have faced substantially more severe conditions during the COVID-19 pandemic than were contemplated at the time of sentencing, both because of the specter of contracting COVID-19 and the more significant restrictions that the BOP has had to institute in its efforts to control the pandemic, including curtailing prison programs, greater restrictions on movement, and suspension of visitation for a lengthy period of time. The actual severity of Davis's

sentence, because of the COVID-19 outbreak, exceeds what the Court anticipated at the time of sentencing. Under these circumstances, a reduced sentence would still reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Second, a reduced sentence would be consistent with the need to provide the defendant with necessary medical care, 18 U.S.C. § 3553(a)(1)(D), because at the present time, allowing him to receive medical care outside the BOP is more likely to meet his medical needs relating to lupus, would reduce the risk that he will contract COVID-19 and have a severe case based on his autoimmune issues and hypertension, and would benefit the BOP by allowing it to focus its medical resources on COVID-19 within FCI-Fort Dix. Finally, in light of Davis's original history and characteristics, his positive prison record, and the fact that he is now in a low-security prison, the Court concludes that the original sentence is not necessary to protect the public from further crimes and to provide deterrence to Davis.

Although a reduced sentence is warranted, where this crime was very serious, the Court concludes that a sentence reduced all the way to time served of approximately 68 months would not be consistent with purposes of sentencing. However, with the inclusion of an additional two years of supervised release during which Davis would be subject to home detention, it would be. Such a sentence would bring Davis's total period of detention to 92 months, closer to the term of the original sentence. The home detention, along with the condition of supervised release requiring that Davis undergo mental health treatment, provides additional assurance to support a conclusion that Davis will not be a danger to any individual or the community. U.S.S.G. § 1B1.13(2).

Accordingly, the Court will grant the Motion and reduce Davis's sentence to time served plus 14 days, with an additional two years of supervised release during which he will be subject to home detention. The 14-day period is included so that Davis can remain in quarantine at FCI-Fort

Dix before he is released. The Court finds that such a reduction is warranted under 18 U.S.C. § 3582(c)(1)(A) and is in the interests of justice.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Davis's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 105, is GRANTED. A separate Amended Judgment shall issue.

Date:   November 18, 2020

THEODORE D. CHUANG
United States District Judge